UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LENWARD P. HEBERT                          CIVIL ACTION

VERSUS                                     NO: 12-2116

STATE OF LOUISIANA, ET AL.                 SECTION: "A" (3)

ORDER AND REASONS

The following motions are before the Court:  **Motion to Dismiss (Rec. Doc. 10)** filed by defendants the State of Louisiana and Trooper Damian LaFonta; **Motion to Dismiss (Rec. Doc. 11)** filed by Second Parish Court of the Parish of Jefferson, Judge Roy M. Cascio, and Adrian Adams; **Motion to Dismiss (Rec. Doc. 12)** filed by Jefferson Parish Assistant District Attorney John Messina.  Plaintiff Lenward P. Hebert opposes the motions.  The motions, scheduled for submission on January 16, 2013, are before the Court on the briefs without oral argument.  For the reasons that follow, the motions are GRANTED.

I.  **BACKGROUND**

Plaintiff filed this lawsuit pro se and he continues to represent himself.  Plaintiff received a speeding ticket in Jefferson Parish and he was subsequently convicted on that charge.  Plaintiff's prolix complaint and his opposition to the motions are not paragons of clarity and organization.  But the Court interprets Plaintiff's submissions to suggest that he is a sovereign unto himself, that he has an absolute right to travel

1

unimpeded on the roadways, that the State of Louisiana is not a sovereign, having giving up that right when it joined the Union and ratified the Constitution, and therefore lacks jurisdiction to prosecute him.

The following facts form the basis of the complaint. Louisiana State Trooper Damian LaFonta pulled Plaintiff over for speeding on August 25, 2010, on Highway 90.  (Rec. Doc. 1, Complaint ¶ 22).  Plaintiff describes LaFonta as a road pirate,[1] operating a vehicle "specially outfitted for the purpose of piracy in armed ambush and attack on land," (the Court assumes that this is a reference to LaFonta's police car), lying in wait on the side of the road and concealed from view.  (Id.). Plaintiff complains that he was stopped unlawfully, although he does not allege that LaFonta lacked probable cause, and that he was "held captive" for "several minutes" without a warrant.  (Id. ¶ 23).  Plaintiff then contends that he was forced under duress to sign a traffic citation, and that this constituted a type of contractual adhesion.  (Rec. Doc. 1, Complaint ¶ 25).

Plaintiff has sued Trooper LaFonta and the State of Louisiana contending that the foregoing conduct was a violation of his civil rights (unlawful arrest, unlawful search and seizure).  Plaintiff seeks approximately $36 million in damages

---

[1] The complaint contains several references to piracy.  The Court has surmised that the repeated references to admiralty jurisdiction in the complaint are related to the characterization of Defendants' conduct as piracy of some sort.

from LaFonta and $170 million from the State, and he seeks to
have LaFonta captured, arrested, and prosecuted.  (<u>Id.</u> at 40, 47-
48).

Plaintiff's claims against defendants Second Parish Court,
Judge Roy M. Cascio, Adrian Adams, and ADA John Messina arise out
of the prosecution on the speeding charge.  Plaintiff claims that
on two occasions, including on November 11, 2010, he went to the
clerk's office at Second Parish Court and attempted to file a
motion to dismiss but the Clerk refused to accept the motion and
told Plaintiff to give it directly to the judge.  (Rec. Doc. 1,
Complaint ¶¶ 26).  Then on January 26, 2011, Plaintiff presented
his motion to dismiss to Hearing Officer Adrian Adams, who then
scheduled the matter for trial.  (<u>Id.</u> ¶ 27).  Plaintiff later
filed a motion challenging the jurisdiction of the court and on
August 2, 2011, Judge Roy M. Cascio denied the motion, which
Plaintiff believes to have been in error.  (<u>Id.</u> ¶ 28).

Plaintiff alleges that on November 9, 2011, he appeared once
again at Second Parish Court for his trial.  Judge Cascio
presided, "clothed in the apparel of a judge's robe," and John
Messina prosecuted the case for the State.  Plaintiff claims that
he was tried without a jury and in the absence of a charging
instrument, in violation of the Constitution.  (<u>Id.</u> ¶¶ 31, 33).
Plaintiff was convicted and he states that Judge Cascio ordered
him to pay "a ransom" of $216.25.  (<u>Id.</u> ¶ 35).  Plaintiff refused
to sign "the conviction sheet" and an attachment was issued for

his arrest.[2]  (Id. ¶ 36).

On November 15, 2011, Plaintiff sought a writ of mandamus from the state appellate court but the petition was dismissed without consideration.  (Id. ¶ 37).

Plaintiffs seeks $46-$56 million in damages from each of Second Parish Court, Judge Cascio, ADA Messina, and Hearing Officer Adams.

Defendants now move to dismiss the complaint raising various defenses and argument which the Court addresses below.

## II.  DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)).  However, the foregoing tenet is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id. (citing Bell Atlantic Corp. v. Twombly, 550, U.S.

---

[2] The public records of Jefferson Parish indicate that the attachment issued because Plaintiff left the court without paying the fine, and without making arrangements for payment.  As far as the Court can tell from the public records, the fine remains unpaid.

544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. <u>Gentilello v. Rege</u>, 627 F.3d 540, 544 (5th Cir. 2010) (<u>quoting</u> <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." <u>Id.</u> (<u>quoting</u> <u>Iqbal</u>, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." <u>Id.</u> (<u>quoting</u> <u>Plotkin v. IP Axess, Inc.</u>, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. <u>Id.</u> (<u>quoting</u> <u>Iqbal</u>, 129 S. Ct. at 1950).

### *Trooper LaFonta and the State of Louisiana*

Trooper LaFonta argues *inter alia* that any claims against him are prescribed. The State argues that state sovereign immunity shields the State from the claims that Plaintiff has brought in federal court.

According to the complaint, LaFonta executed the traffic stop on August 25, 2010. (Rec. Doc. 1, Complaint ¶ 22). Plaintiff filed his complaint in this Court on August 17, 2012,

which was nearly two years later.  Federal civil rights claims
are subject to the forum state's personal injury limitations
period.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  In
Louisiana, delictual actions are subject to a one year
limitations period. La. Civ. Code art. 3492.  The claims against
Trooper LaFonta are prescribed.  Moreover, the complaint fails to
state a claim against LaFonta because there is no allegation that
LaFonta executed the traffic stop without probable cause.
LaFonta is entitled to judgment as a matter of law on all claims
brought against him personally.

All claims against Trooper LaFonta in his official capacity
and all claims against the State of Louisiana arising out his
conduct are barred by state sovereign immunity.  See Nelson v.
Univ. of Tex., 535 F.3d 318, 320 (5th Cir. 2008).  The motion to
dismiss filed by the State of Louisiana and Trooper Damian
LaFonta is therefore GRANTED.

### *Second Parish Court, Judge Cascio, and Adrian Adams*

Aside from the fact that Plaintiff fails to allege any facts
to state a claim against these defendants, Cascio and Adams are
immune from § 1983 liability.  See Briscoe v. LaHue, 460 U.S. 325
(1983).  Plaintiff is clearly attempting to hold them liable for
actions taken in their roles as judicial officers.  The Second
Parish Court is not an entity capable of being sued under § 1983.
Johnson v. LeBlanc, No. 10-1735, 2011 WL 1654266, at *2 (E.D. la.

6

Apr. 6, 2011).  Any claims against the State that arise out of the conduct of the judicial defendants are barred by sovereign immunity.  Second Parish Court of the Parish of Jefferson, Judge Roy M. Cascio, and Adrian Adams are entitled to judgment as a matter of law and their motion to dismiss is GRANTED.

### *ADA John Messina*

Defendant John Messina is entitled to prosecutorial immunity because Plaintiff is attempting to hold Messina liable for prosecuting the traffic ticket.  See Van de Kamp v. Goldstein, 555 U.S. 335 (2009).  Plaintiff alleges no facts whatsoever that state a claim against Messina, much less impugn the immunity that he is entitled to as a matter of law.  Messina is entitled to judgment as a matter of law and his motion to dismiss is GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by defendants State of Louisiana and Trooper Damian LaFonta; **Motion to Dismiss (Rec. Doc. 11)** filed by Second Parish Court of the Parish of Jefferson, Judge Roy M. Cascio, and Adrian Adams; **Motion to Dismiss (Rec. Doc. 12)** filed by Jefferson Parish Assistant District Attorney John Messina are **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.

January 29, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

7